[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13929
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-00606-RH-CAS

GLENN C. SMITH,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL, STATE OF FLORIDA,
L. L. HATCHER,
JEFFREY PIPPIN,
CHRISTOPHER LISTER,
In his individual and official capacities,
JAN D. HEFFEL,
In his individual and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 9, 2016)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


Glenn Smith, a Florida prisoner proceeding pro se, appeals the district court's dismissal -- pursuant to 28 U.S.C. § 1915(e)(2) -- of his complaint for failure to state a claim for relief.  Briefly stated, Smith challenges the constitutionality of the Florida Vexatious Litigant statute, Fla. Stat. § 68.093.  No reversible error has been shown; we affirm.

As an initial matter, the district court committed no error when it twice ordered Smith to amend his complaint.  Both Smith's original complaint and his first amended complaint were illegible and failed to comply with federal pleading requirements.  The district court had the inherent authority, even without a request from a party, to order Smith to file a more definite statement in compliance with Fed.R.Civ.P. 8.  See Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).  And, the district court committed no error in discarding the extra service copies of Smith's amended complaint.  The district court had notified Smith already that service copies were not required and that the court would not keep extra service copies.  Moreover, that the court discarded the service copies had no impact on the outcome of Smith's case.

2

We review de novo a district court's sua sponte dismissal for failure to state a claim under section 1915(e)(2), accepting the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

A court "shall dismiss" a case filed in forma pauperis if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." Id. at 196465. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

To the extent that Smith challenges the state court's determination -- in an earlier-filed lawsuit against the same defendants -- that Smith was a "vexatious litigant," his claim is barred under the Rooker-Feldman[1] doctrine. For background, see Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009) ("lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments" in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

---

[1] Rooker v. Fidelity Trust Co., 44 S.Ct. 149 (1923); D.C. Court of Appeals v. Feldman, 103 S.Ct. 1303 (1983).

3

and inviting district court review and rejection of those judgments.").  Thus, the district court concluded properly that it lacked jurisdiction to consider that argument.

About Smith's constitutional argument, Smith has failed to demonstrate that Fla. Stat. § 68.093 is unconstitutional on its face.  The state has a compelling interest in preventing "vexatious litigation from interfering with the business of the court system;" and the statute "does not restrict the vexatious litigant's rights more than absolutely necessary."  Smith v. Fisher, 965 So. 2d 205, 209 (Fla. Dist. Ct. App. 2007) (upholding the constitutionality of the Florida Vexatious Litigant statute).  Smith has also failed to demonstrate that the statutory language is unconstitutionally vague; the complained-of terms Smith identifies either have well-understood meanings or are defined expressly in the statute.

Smith has failed to allege facts sufficient to establish a plausible claim for relief.  The district court dismissed correctly Smith's complaint.[2]

AFFIRMED.

---

[2] We also reject Smith's objections to the civil rights complaint form: those objections are not pertinent to the constitutional claims before the Court and establish no claim upon which relief can be granted.